IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CHARLIE HILL,

        Defendant.

No. 71-CR-24530-MV
No. 71-CR-24531-MV

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Charlie Hill's Motion to Dismiss Due to Severe, Incurable Prejudice Caused by New Mexico Governor Susana Martinez's Inflammatory Public Letter to United States Attorney General Eric Holder & United States Secretary of State John Kerry. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully-informed, finds that the Motion is not well-taken and therefore will be **DENIED.**

BACKGROUND

Approximately forty-three years ago, Defendant Charlie Hill allegedly participated in a series of crimes that ultimately culminated in the hijacking of a commercial airliner that was re-directed to Cuba. *See* Doc. 7 at 1-2. Defendant was charged in two separate Indictments for this conduct, but the prosecutions have been unable to proceed because Hill has remained in Cuba since 1971. *Id.* at 2. This case sat in an unexamined purgatory until December 18, 2014, when the Governor of New Mexico, Susana Martínez, directed a public letter ("the Martínez letter") to

the United States Secretary of State and United States Attorney General in which she requested "assistance to bring Patrolman Rosenbloom's surviving killer to justice." Doc. 4-1. On March 10, 2015, Hill, though counsel, moved this Court to dismiss the Indictments, arguing that the Martínez letter has irreparably tainted any potential prosecution against him. The Court disagrees.

## DISCUSSION

Although cumbersomely named, the fugitive disentitlement doctrine embodies a relatively simple set of equitable notions. First, a party should not be permitted to litigate in a forum while beyond the reach of the Court's judgments. As the Tenth Circuit has explained, "[w]ithout the fugitive present to accept the decision of this court, there is no guarantee that our judgment could be executed. In other words, enforcement is likely to occur only if we should decide in favor of the fugitive." *Martin v. Mukasey*, 517 F.3d 1201, 1204 (10th Cir. 2008). The Court categorically refuses to be placed in this predicament by a litigant and so, on this basis alone, declines to decide the motion on the merits.

Second, the doctrine draws heavily on the principle of mutuality. *See United States v. Kashamu*, 656 F. Supp. 2d 863, 866 (N.D. Ill. 2009). Stated simply, "a fugitive from justice should not be able to use the judicial system while at the same time avoiding it." *Mukasey*, 517 F.3d at 1205 (internal quotation marks omitted). That is, it would be profoundly unfair to permit Hill to avail himself of a legal system from whose justice he has fled.

Although usually applied in the appellate context, the rationale animating the fugitive disentitlement doctrine finds ready application in the instant case. *See United States v. Bokhari*, 993 F. Supp. 2d 936, 938 (E.D. Wis. 2014) ("Courts have applied the doctrine, as here, to pretrial

motions in criminal cases."). Here, it is uncontested that Hill is a fugitive and that he has requested that this Court dismiss the twin Indictments against him. *See generally* Docs. 4, 7, 8. It is apparent to this Court that Hill would ignore any contrary ruling on his Motion and thus retains a *de facto* veto on this Court's judgment. Further, Defendant has not shown, nor can he, that any special circumstances counsel the Court to ignore the fugitive disentitlement doctrine in this case. In this context, the Court will deny the Motion without reaching the merits. *See, e.g.*, *United States v. Oliveri*, 190 F. Supp. 933, 936 (S.D. Tex. 2001) ("It appears that Oliveri is attempting to obtain the benefit of a favorable ruling from this court without risking the burdens that may flow from an adverse ruling."); *Kashamu*, 656 F. Supp. 2d at 866 ("Courts are reluctant to afford fugitive defendants the benefits of a potential legal victory when these defendants face no adverse consequences from unfavorable rulings.").

## CONCLUSION

This Court will not render judgments that litigants may ignore with impunity. The Court finds that the fugitive disentitlement doctrine obtains in the instant case and, therefore, will decline to reach the merits of Hill's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. 4] is **DENIED.**

Dated this 22nd day of April, 2015.

                                          **MARTHA VAZQUEZ**
                                          UNITED STATES DISTRICT JUDGE